```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      SOUTHERN DIVISION at LONDON
```

JENNIFER TURNER,            )
                            )
     Plaintiff,             )
                            )  Civil Action No. 10-01-JMH
                            )
v.                          )
                            )
MICHAEL J. ASTRUE, COMMISSIONER )  **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,         )
                            )
     Defendant.             )
                            )
                            )

                  **       **       **       **       **

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 14][1] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

## I. BACKGROUND

On August 16, 2006, Plaintiff filed an application for Supplemental Security Income (SSI). Plaintiff's claim was denied initially and upon reconsideration. The Administrative Law Judge ("ALJ"), James P. Alderisio, held a hearing on December 3, 2007. On April 14, 2008, the ALJ issued a decision denying Plaintiff's

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

claim. Plaintiff requested review of the ALJ's decision, which was denied on November 6, 2009.

Plaintiff appeals the ALJ's decision, arguing that the ALJ failed to afford controlling weight to the opinions of the plaintiff's treating physician at the Kentucky Pain Management Center, Dr. Ionut Stefanescu-Sturz, as contained in the physician's December 17, 2007 report (the "Report"). (TR 370-5). Dr. Stefanescu-Sturz indicated that Plaintiff can only perform less than sedentary activity, including numerous restrictions, such as requiring Plaintiff to take 6-7 breaks of 15-30 minutes in duration, only sit for 30 minutes at a time for a total of 2 hours in an 8 hour period, and that she should be permitted to shift positions from sitting to standing to walking at will. (TR 370-5).

The ALJ found, in relevant part, that Plaintiff has the residual functional capacity ("RFC") to perform a reduced range of light work, and is capable of performing past relevant work as a maid. In the process of making these findings, the ALJ did not give significant weight to Dr. Stefanescu-Sturz's findings in the Report because the ALJ determined the findings were not supported by the objective tests contained in the record and the clinical notes regarding Dr. Stefanescu-Sturz's treatment of Plaintiff, and that the limitations conflicted with Plaintiff's own reports of her daily activities.

**II. OVERVIEW OF THE ALJ HEARING**

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the

claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

Plaintiff's only argument on appeal is that the ALJ erred when he failed to afford controlling weight to the Report of treating physician Dr. Stefanescu-Sturz. Plaintiff argues that the record is void of any conflicting opinions regarding Plaintiff's physical

4

limitations by a medical provider or state agency consultant on which the ALJ could rely. Therefore, Dr. Stefanescu-Sturz's opinion is not contradicted by substantial evidence, and his opinion, Plaintiff argues, is entitled to substantial, if not controlling, weight. *See Hardaway v. Secretary*, 823 F.2d 922 (6th Cir. 1987); *Walker v. Sec'y of Health and Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992). Plaintiff argues that *Howard v. Commissioner of Social Security*, 276 F.3d 235, 240 (6th Cir. 2002), dictates that the ALJ afford Dr. Stefanescu-Sturz's opinion controlling weight in this instance. However, the record before the Court reveals conflicting medical opinions, and indeed Dr. Stefanescu-Sturz's own clinical notes conflict with his conclusions regarding Plaintiff's limitations in his Report.

"A treating source opinion should be given controlling weight only when it is well-supported by clinical and laboratory findings and is consistent with the other evidence of record." *See* 20 C.F.R. §§ 404.1527(b), (d)(2), (3)-(4); 42 U.S.C. § 423(d)(3); *see also Crouch v. Sec'y of Health and Human Servs.*, 909 F.2d 852, 856 (6th Cir. 1990). However, the general rule is that an ALJ must give a treating source opinion controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Blakely v. Commissioner of Social Security*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting 20 C.F.R. §

5

404.1527(d)(2)). The opinions of treating physicians are entitled to much deference, see *Warner v. Comm'r of Social Security*, 375 F.3d 387, 390 (6th Cir. 2004); however, the deference given to a particular physician's opinion depends upon the examining and treating relationship the medical source had with the claimant, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source, and other factors. See 20 C.F.R. § 404.1527(d); see also *Walters v. Comm'r of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). Furthermore, opinions on some issues, such as whether the claimant is disabled and the claimant's RFC, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(e); see Social Security Ruling (SSR) 96-5p. As the Sixth Circuit has stated, "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician." *Warner*, 375 F.3d at 391.

In the event, as in the instant case, that the ALJ discounts the treating physician's opinion, the ALJ must provide good reasons for so doing. *Id.* Here, the ALJ clearly discounted the opinion of treating physician Dr. Stefanescu-Sturz because "the limitations provided are out of proportion with the remaining objective medical

6

evidence contained in the record and there in nothing in [Dr. Stefanescu-Sturz's] notes that would support such limitations." (TR 16). Additionally the ALJ noted that the claimant's testimony about her daily activity are inconsistent with the limitations submitted by Dr. Stefanescu-Sturz. (TR 16).

The Commissioner argues, and this Court agrees, that there is insufficient evidence in the record as a whole, and in Dr. Stefanescu-Sturz's treatment notes supporting the severe limitations that Dr. Stefanescu-Sturz describes. The ALJ was entitled to consider the consistency of the treating physician's opinions with the record as a whole, as well as the extent to which medical signs and laboratory findings support the opinion when determining what weight to give Dr. Stefanescu-Sturz's opinion.

A MRI of Plaintiff's lumbar spine in 2006 reveals a "trace bit of disc bulging at L2-3," "a very mild bit of broad-based disc bulging more prominent rightward" at L5-S1, and a loss of signal within the L5-S1 disc space. (TR 218, 259). Plaintiff complained of pain from her mid-back to her tailbone, numbness in her arms and legs when lifting, neck pain and intermittent left thigh pain. (TR 217). Dr. Kiefer, a neurosurgeon to whom Plaintiff was referred, determined that Plaintiff had a "mild bit of degenerative disc disease" which could account for some of her symptoms but her symptoms were "far reaching." (TR 218). Dr. Kiefer suspected that some of her pain was myofascial in nature. Dr. Kiefer concluded

7

that surgery was not indicated at that time, and that Plaintiff should continue to take anti-inflammatories and occasional muscle relaxants. (TR 219).

Plaintiff began treating with Dr. Stefanescu-Sturz at the Kentucky Pain Management Center on August 27, 2007. Similarly to her complaints to Dr. Keifer the previous year, Plaintiff complained of mid and low back pain, and left leg pain. As with Dr. Kiefer's examination, Plaintiff maintained her strength 5/5 in all extremities and did not display sensory deficit. (TR 391). Her back was tender to palpation from L3-S1. (TR 391). Her pain was made worse with extension of her back and Patrick's test was positive on the left side. (TR 391). A CT of the lumbar spine on the same day revealed mild to moderate spondylosis at L5-S1, but was otherwise unremarkable. (TR 393). A CT of the sacroiliac joints at the same time showed "suspected congenital fusion of the inferior half of the left [sacroiliac] joint" and "mild degenerative changes" in the superior aspect of the left sacroiliac joint. (TR 394). During the first visit, Dr. Stefanescu-Sturz noted that Plaintiff's physical exam revealed some tenderness on palpation but that she maintained 5/5 strength in all extremities, and displayed no sensory or neurological deficits. (TR 391). Plaintiff received treatments in the form of injections from Dr. Stefanescu-Sturz until July 2008. (TR 377 - 394).

The record reveals that Plaintiff's symptoms improved with medication and physical therapy. (TR 247, 250, 280, 356). Interestingly, Dr. Stefanescu-Sturz's indicated that Plaintiff could never squat, but she was able to complete total gym squats in physical therapy without complaint. (TR 356).

"An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." See 20 C.F.R. § 416.929(c)(3)(i); *Walters*, 127 F.3d at 532; *Blacha v. Secretary of Health and Human Services*, 927 F.2d 228, 231 (6th Cir. 1990). Plaintiff reported that she gets her children off to school, sweeps the floor, folds laundry, cooks, performs general household cleaning at least three times a week, drives, shops for groceries and cleaning supplies, reads, watches TV, and spends time with her children (TR 94-98, 223). Plaintiff further reported that while she does not do long trips, she continues to travel. (TR 98).

The ALJ considered the evidence in the record, and properly resolved the conflicts in the record before him. *See Richardson v. Perales*, 402 U.S. 389, 391 (1971) (recognizing that the trier of fact has the duty of resolving conflicting medical evidence). Considering the record as a whole, substantial evidence supports the ALJ's determination to give Dr. Stefanescu-Sturz's opinion less weight. The ALJ properly considered the evidence in the record and

weighed the factors, as required, regarding Dr. Stefanescu-Sturz's opinions.

To the extent that Plaintiff argues the ALJ erred by substituting his opinion for Plaintiff's treating physician, the Court notes that the RFC falls within the ALJ sole purview, the final responsibility for determination of the RFC falls on the Commissioner. 20 C.F.R. § 416.927(e)(2); see SSR 96-5p. Thus, the ALJ's determination of the RFC was proper. There was substantial evidence in the record to support the ALJ's determination.

Finally, the Plaintiff argues that the ALJ erred because he did not seek a consultative examination or obtain medical expert testimony regarding Plaintiff's mental status. The evidence before the ALJ shows that Plaintiff received treatment for depression, however, her symptoms resolved with medication treatment. (TR 191). Plaintiff has not required continuing treatment for depression. Additionally and in any event, the ALJ obtained a consultative psychological evaluation of Plaintiff by Dr. Bennett, which revealed no significant symptoms of depression or anxiety. (TR 221-227). Thus, there is no merit to her argument.

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That the defendant's motion for summary judgment [Record No. 14] be, and the same hereby is, **GRANTED;** and

(2) That the plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED**.

This the 28th day of March, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge